**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SEENA MOSS and CHASE PARKER,** | **CIVIL ACTION** |
| **Plaintiffs,** | |
| **v.** | |
| **AARON'S, INC.,** | **NO.  14-3753** |
| **Defendant.** | |

### MEMORANDUM OPINON

Defendant Aaron's, Inc. moves to dismiss Count I of the Complaint, which asserts a claim under the  Fair Credit Extension Uniformity Act, 73 Pa. Cons. Stat. § 2270.4 ("FCEUA"), on the ground that it fails to allege that Plaintiffs suffered any ascertainable loss as the result of the allegedly unlawful conduct.  Plaintiffs assert that they may sue for a violation of FCEUA regardless whether they themselves suffered ascertainable loss.  Because it is a required element of such a claim that the unlawful conduct have caused the plaintiff ascertainable loss, the motion will be granted.

Plaintiffs allege that Aaron's engaged in debt collection practices against them that are unlawful under FCEUA.  The FCEUA outlaws certain debt collection practices, *id*., but it does not itself set forth a private right of action for such violations.  Instead, it provides: "If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of . . . the Unfair Trade Practices and Consumer Protection Law." (the "UTPCPL").  *Id*. § 2270.5.  The UTPCPL provides a private right of action:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater . . . .

*Id*. § 201-9.2(a) (footnotes omitted).

In *Weinberg v. Sun Co., Inc.*, the Pennsylvania Supreme Court considered whether a plaintiff could bring a false advertising claim under the UPTCPL without showing that he had been deceived by the advertisement and had suffered resulting "ascertainable loss."  777 A.2d 442, 444-46 (Pa. 2001).  The Court found nothing in the UTPCPL or its legislative history that "suggests the legislature ever intended statutory language directed against consumer fraud to do away with the traditional common law elements of reliance and causation."  Id. at 446.  Accordingly, the court held that "[t]he statute clearly requires, in a private action that a plaintiff suffer an ascertainable loss *as a result of* the defendant's prohibited action."  *Id*.

Plaintiff seeks to limit *Weinberg* to false advertising, but the reasoning underlying it remains applicable here.  To state a claim under the UTPCPL, a plaintiff must allege that he suffered an ascertainable loss as a result of the allegedly unlawful act complained of.  *DiLucido v. Terminex Int'l, Inc.*, 676 A.2d 1237, 1241 (Pa. Super. Ct. 1996) ("Certainly, the use of the phrase 'as a result of' [in Section 201-9.2] indicates the intent of the Legislature to require a causal connection between the unlawful practice and a plaintiff's loss.").  For this reason, courts have applied *Weinberg* to require proof of causation and loss for unfair or deceptive acts claims.  *Kaymark v. Bank of America, N.A.*, 11 F. Supp. 3d 496, 507 (2014); *Benner v. Bank of America, N.A.*, 917 F. Supp. 2d 338, 359-60 (E.D. Pa. 2013); *Williams v. Empire Funding Corp.*, 227 F.R.D. 362, 371 (E.D. Pa. 2005).[1]

---

[1]  Plaintiffs' are mistaken when they argue that they should be permitted to sue without suffering damages because FCEUA does not contain a provision for suit by the Attorney General.  The FCEUA makes any unfair debt collection act a violation of the UTPCPL.  73 Pa. Cons. Stat. §§ 2270.5.  The UTPCPL authorizes the Attorney General to obtain an injunction against that practice, i*d*. § 201.4, and to collect a civil penalty against the party who violated the statute, *id*. § 201-8.  The UTPCPL sets up differing bases for suits brought by the Pennsylvania Attorney General and those brought by private parties.  A violation of the FCEUA permits the Attorney General to sue without showing that a particular plaintiff was subjected to the unlawful action.  *Williams v. Empire Funding Corp.*, 227 F.R.D. 362, 371 (E.D. Pa. 2005).  "By contrast, however, a private action under the UTPCPL, unlike the case where the action is brought by the Attorney General, requires a plaintiff to establish that defendant's

Aaron's, Inc.'s Motion will be granted, and Count I will be dismissed without prejudice. Plaintiffs may amend their Complaint if they are able to allege that they suffered an ascertainable loss as the result of the alleged unlawful conduct.

**BY THE COURT**:

**/S/WENDY BEETLESTONE, J.**

_____

**WENDY BEETLESTONE, J.**

---

purportedly unlawful conduct caused [a] definable loss of money or property.  This causation requirement is expressly prescribed by the UTPCPL." *Id.*