IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SEENA MOSS and CHASE PARKER,**<br>Plaintiffs, | CIVIL ACTION |
| v. | |
| **AARON'S, INC.,**<br>Defendant. | NO. 14-3753 |

## MEMORANDUM OPINION

This dispute is about the repossession of a DVD player and a TV. Aaron's Inc. ("Aaron's"), the Defendant and Counterclaimant here and the store that allegedly sold the appliances to the Plaintiffs, sees this as a simple case: the Plaintiffs took the property, using fraudulent means, never intending to pay for it. The Plaintiffs have a different perspective. They allege that employees of Aaron's trespassed on their land in an effort to seize the electronics, causing them to fear for their family's safety, which resulted in actions leading to Plaintiff Moss's arrest and confinement on charges that eventually were dismissed.

Plaintiffs brought suit asserting two claims. One, for a violation of the Fair Credit Extension Act, was dismissed by order of Court dated February 20, 2015. ECF No. 33. The other is a trespass claim, which remains in the litigation. In answering the Complaint, Aaron's asserted counterclaims for breach of contract, conversion, fraud and unjust enrichment. Before the Court is Plaintiff's Motion to Dismiss each of the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the motion will be denied as to the breach of contract claim (Counterclaim One), the conversion claim (Counterclaim Two) and the unjust enrichment claim (Counterclaim Four). The motion to dismiss the fraud claim (Counterclaim III) will be granted in part and denied in part.

I.      RULE 12(b)(6) MOTION STANDARDS

Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for dismissal of a complaint. *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011). Thus, "[t]o survive a motion to dismiss, a counterclaim must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. "'[S]tating . . . a claim requires a [counterclaim] with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). In determining the adequacy of a counterclaim, the Court must accept the counterclaim's factual allegations as true and draw all reasonable inferences in the light most favorable to the defendant. *GE Capital Mortg. Servs., Inc. v. Pinnacle Mortg. Inv. Corp.*, 897 F. Supp. 854, 860 (E.D. Pa. 1995). It must also accept as true any of Plaintiffs' allegations admitted by Defendant in its Answer. *Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 547 (3d Cir. 1956); *Fort Washington Resources v. Tannen*, No. 04-272, 2005 WL 2902496, at *9 n.4 (E.D. Pa. Nov. 2, 2005).

## II.     FACTS

Aaron's owns and operates stores throughout the United States, including one in Upper Darby, Pennsylvania, that rent-to-own various consumer goods including furniture, electronics, appliances and computers.  Compl. ¶ 8; Answer & Countercl. ¶ 8.  Plaintiff Seena Moss entered into an installment contract with Aaron's to buy a DVD player and a TV.  Answer & Countercl. ¶¶ 67, 70.  In both cases, Moss made a small down payment but paid nothing after that.  *Id*. ¶¶ 68, 71.  Aaron's alleges that Moss's husband, Chase Parker, who was an employee of Aaron's at the time of the transactions, deceptively entered information into its computer system to make it appear as though his wife had entered into a contract to buy the TV and DVD player.  *Id*. ¶¶ 78, 81.  Although its counterclaims' allegations do not detail what exactly Parker did, Aaron's does state that Parker "coordinated, processed, and/or otherwise assisted the . . . transaction, allowing himself and/or Ms. Moss to take possession" of the goods.  *Id*. ¶ 78.  The paperwork was never completed.  *Id*. ¶ 82.  This, according to Aaron's, was fraudulent conduct designed to "account for the missing merchandise" while "allow[ing] Ms. Moss the ability to deny ever entering into a contractual relationship with Aaron's."  *Id*. ¶ 83.  Ms. Moss and Mr. Parker also created a number of other false accounts and/or helped others to do so all for the purposes of defrauding Aaron's.  *Id*. ¶ 85.

Plaintiffs allege, and Defendant admits, that on the evening of October 31, 2013, two employees of Aaron's went to the Plaintiffs' house to retrieve the DVD player and TV.  Compl. ¶ 27; Answer & Countercl. ¶ 27.  In November 2013, and again in December 2013, Aaron's sent letters to Moss telling her she had defaulted on agreements to pay for the DVD player and the TV and demanding their immediate return.  Compl. ¶¶ 36, 37; Answer & Countercl. ¶¶ 36, 37.

### III. ANALYSIS

#### A. *Counterclaim I (Breach of Contract)*

For the reasons set forth below Plaintiff's Motion to Dismiss Aaron's counterclaim for breach of contract will be denied. To maintain an action for a breach of contract, Aaron's counterclaim must contain allegations sufficient to show: (1) the existence of a contract; (2) breach of duty under that contract; and (3) resulting damages. *Lackner v. Glosser,* 892 A.2d 21, 30 (Pa. Super. Ct. 2006). Plaintiffs' arguments in favor of dismissal of this counterclaim all go to the first element of the prima facie case. First, they contend that Aaron's has not sufficiently pleaded the existence of a contract. Mot. at 5. A party is not required to attach a copy of a contract to its complaint or counterclaim in order to state a claim for breach of contract. *Transport Int'l Pool, Inc. v. Ross Stores, Inc.*, No. 06-1812, 2009 WL 1033601, at *3 (E.D. Pa. April 15, 2009). A party may plead the existence of a contract "either by setting it forth verbatim in the complaint, . . . 'attach[ing] a copy as an exhibit, or pleading[ing] it according to its legal effect.'" *Id.* (quoting *Pierce v. Montgomery Cnty. Opportunity Bd., Inc.*, 884 F. Supp. 965, 970 (E.D. Pa. 1995) (quoting Arthur R. Miller, *Federal Practice & Procedure*, § 1235, at 272, 273 (1990)). Here, Aaron's has alleged that an agreement exists and has specifically identified the goods it alleges it sold—a 1000 watt LG Blue-Ray Home Theater System, Answer & Countercl. ¶ 69, and a 70-inch Sharp 1080P Smart LED television. *Id.* ¶ 70. Aaron's has specifically stated the amount, frequency, and duration of the payments it alleges that Moss agreed to make for the equipment. *Id.* ¶¶ 68, 70. It has alleged that its employee, Parker, coordinated, processed, and/or otherwise assisted the . . . transaction, allowing himself and/or Ms. Moss to take possession" of the goods. *Id.* ¶ 78. These allegations sufficiently plead the existence of a contract. *See Transport Int'l*, 2009 WL 1033601 at *3.

Second, Plaintiffs argue that, although Pennsylvania's statute of frauds, 13 Pa. Cons. Stat. § 2201, requires a writing sufficient to indicate that a contract for the sale of goods for the price of $500 or more has been made, Aaron's has not alleged that the contracts were in writing and did not attach copies of the contracts to its counterclaim.  Mot. at 4-6.  Under Pennsylvania's statute of frauds, however, a contract without a sufficient written document is enforceable "with respect to goods for which payment has been made and accepted or which have been received and accepted."  13 Pa. Cons. Stat. § 2201(c)(3).  Aaron's has alleged in its counterclaim that Defendants have received the electronic equipment, Answer & Countercl. ¶¶ 75-77, and that Defendant Moss made partial payment for the equipment.  *Id*. ¶¶ 68, 71.  Those facts, if proven at trial, would take the contract outside the statute of frauds.  *W.I. Snyder Corp. v. Caracciolo*, 541 A.2d 775, 779 (Pa. Super. Ct. 1988).

Third, Plaintiffs seek to dismiss Aaron's breach of contract claim on the ground Aaron's has not alleged that they possess, or once possessed, the electronic equipment in dispute.  Mot. at 3.  The pleadings demonstrate otherwise.  Aaron's alleges that "Seena Moss and/or Chase Parker is/are presently in possession of the above-referenced [electronic equipment]."  Answer ¶ 75.  Aaron's also alleges, apparently in the alternative, that "Seena Moss and/or Chase Parker was/were previously in possession of the above-referenced [electronic equipment]."  *Id*. ¶ 76.  Aaron's further alleges that Defendant Parker, Moss's husband, "who was an employee of Aaron's at the time of the transactions, coordinated, processed, and/or otherwise assisted the above referenced transactions, allowing himself and/or Ms. Moss to take possession of [the electronic equipment]."  *Id*. ¶ 78.  Thus, Aaron's counterclaim includes allegations that Plaintiffs possess or possessed the electronic equipment.  Nevertheless, Plaintiffs argue that Aaron's does not adequately allege that they possess the electronic equipment because Aaron's has admitted in

response to their Complaint that a third person, Maribel Leon, pleaded guilty to theft by deception of $40,000 in merchandise from the Aaron's location that was the source of the disputed electronic equipment. Mot. at 3-4.[1] Plaintiffs contend that, in light of the guilty plea and in the absence of "allegation[s] that the goods at issue were delivered to [Plaintiffs] or that anyone else saw the goods in possession of [Plaintiffs]," it is not reasonable to infer that Plaintiffs possess the equipment. *Id.* Plaintiffs' argument goes to the weight of the evidence rather than to the adequacy of the pleading. On this motion to dismiss, the Court must accept Aaron's pleadings as true. *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). Plaintiffs cannot prevail on this motion to dismiss by challenging the factual accuracy of Aaron's allegations that Plaintiffs possess or possessed the equipment.

B.     *Counterclaim II (Conversion)*

Plaintiffs argue that Aaron's has failed to state a claim for conversion. "[C]onversion is the 'deprivation of another's right of property or use or possession of a chattel . . . without the owner's consent and without legal justification,'" *Univ. Premium Acceptance Corp. v. York Bank & Trust Co.*, 69 F.3d 695, 704 (3d Cir. 1995) (quoting *Cenna v. United States*, 402 F.2d 468, 170 (3d Cir. 1968)). Conversion can occur when a party "acquir[es] possession of the chattel with the intent to assert a right to it which is adverse to the owner" or "unreasonably withhold[s] possession from one who has the right to it." *Norriton E. Realty Corp. v. Central-Penn Nat. Bank*, 254 A.2d 637, 638 (Pa. 1969).

---

[1] On a Rule 12(b)(6) motion, a court may consider only the pleadings or documents that are "*integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original). The records Plaintiffs have attached to their motion from the Delaware County Court of Common Pleas in a case styled, *Commonwealth v. Leon*, No. 23-cr-0000643-2014, do not meet that standard. Moreover, whether another party has pleaded guilty to stealing unidentified property from Aaron's has nothing to do with whether Aaron's has met the pleadings requirements to survive dismissal here.

Plaintiffs argue that Aaron's conversion counterclaim should be dismissed because Aaron's failed to allege that they obtained its electronic equipment without its consent. Mot. at 6. Aaron's has alleged, however, that Plaintiffs possess or possessed the electronic equipment. Answer & Countercl. ¶¶ 75-78. It further has alleged that Plaintiff Parker—Plaintiff Moss's spouse, who was an Aaron's employee—"coordinated, processed, and/or otherwise assisted" in "allowing himself and/or Ms. Moss to take possession of Aaron's property," *id*. ¶ 78, and that he did so with the intent to keep that property without making payments for it. *Id*. ¶ 79. It also has alleged that Plaintiff Parker "deceptively entered information into the Aaron's computer system to make it appear as if Ms. Moss had entered into a contractual agreement for the purchase" of the equipment, but that the "proper paperwork was never completed." *Id*. ¶¶ 81-82. Aaron's has alleged it relied on the information deceptively entered into its computer system in allowing Plaintiffs to take possession of the equipment. *Id*. ¶ 86. It also has alleged that Plaintiffs have failed to make payment for the equipment or to return the equipment. *Id*.

In reviewing these allegations, the Court must accept Aaron's factual allegations as true and construe the counterclaim in the light most favorable to Aaron's. *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). Aaron's allegations are sufficient to raise the reasonable inference that Aaron's did not consent to Plaintiffs taking possession of the equipment, but rather was tricked into permitting them to take possession through Plaintiff Parker's deceptive entries into its computer system. The allegations also are sufficient to raise the reasonable inference that Plaintiffs' alleged current possession of the equipment without paying for it amounts to unreasonably withholding the equipment from the party that has the right to it. Accordingly, Aaron's conversion counterclaim has facial plausibility and Plaintiffs' motion to dismiss it will be denied.

C. *Counterclaim III (Fraud)*

Plaintiffs contend that Aaron's fraud counterclaim fails to state a claim because Aaron's has not alleged that it relied on the information Plaintiff Parker allegedly entered into its computer system. Mot. at 8. That contention is without merit. Aaron's has alleged that "Mr. Parker deceptively entered information into Aaron's computer system to make it appear as if Ms. Moss had entered into a contractual agreement for the purchase of the electronic equipment when, in fact, "the paperwork was never completed." Answer & Countercl. ¶¶ 81-82. Aaron's further has alleged that it "relied on the above-referenced misrepresentations by allowing [Plaintiffs] to obtain Aaron's property without having entered into valid agreements." *Id*. ¶ 86.

Plaintiffs also contend the fraud counterclaim should be dismissed because Aaron's has failed to plead fraud with particularity. Mot. at 7-8. Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "[s]tate with particularity the circumstance constituting fraud." This rule requires a plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004)). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id*. at 224.

Here, Aaron's has alleged that its former employee, Parker, engaged in a scheme in which he entered information into Aaron's computer system sufficient to create the appearance that his wife, Moss, had entered into a contract with Aaron's for the installment purchase of electronic equipment, but without Moss actually having executed the necessary contract documents to bind her to the sale. Answer & Countercl. ¶¶ 78-79, 81-83. It has alleged further

that Plaintiffs acted with the intention that Moss would be able to deny ever entering into a contractual relationship with Aaron's and with the intention that she would not make any further payment for the equipment. *Id*. ¶¶ 79, 83.  Aaron's has identified the specific pieces of equipment she allegedly acquired through the fraudulent scheme. *Id*. ¶¶ 67, 69-70.  And, it has alleged it relied on the misinformation in its computer system in allowing Plaintiffs to take possession of the equipment. *Id*. ¶¶ 78, 86.  These allegations are sufficient to put Plaintiffs on notice of the precise misconduct with which they are charged and to inject some measure of substantiation into the fraud allegation.  Therefore, they are sufficient to survive a motion to dismiss.

Aaron's makes additional claims, however, for which it does not provide adequate factual allegations, pleading that: "It is believed, and therefore averred, that Ms. Moss and Mr. Parker created number of additional false accounts and/or assisted others in doing so for the purpose of defrauding Aarons." *Id*. ¶ 85.  Based solely on this vague allegation, Aaron's raises its damages demand from the amounts it alleges it is owed for the specific electronic equipment Plaintiffs allegedly obtained from it[2] to a generalized demand for "in excess of $40,000" for the total costs of the alleged fraud of Plaintiffs and unspecified others.  *Id*.  Aaron's allegation that Plaintiffs assisted some unspecified others in some unspecified manner to obtain unspecified Aaron's property simply are not sufficient to plead a cause of action for fraud.  Accordingly, to the extent Aaron's seeks to assert a fraud claim for items beyond those it has identified specifically in its counterclaim, that claim is dismissed without prejudice.  Aaron's may amend its counterclaims

---

[2]   Aaron claims it is owed $538.80 for a 1000 watt LG Blue-Ray Home Theater System, *id*. ¶ 69, and $3,357.36 for a 70 inch Sharp 1080P Smart LED television. *Id*. ¶ 70.

9

to the extent it is able to plead additional episodes of fraudulent conduct with sufficient particularity to state a valid claim for the purposes of Rule 9(b).[3]

An appropriate Order follows.

Date: May 5, 2015

                                            **BY THE COURT:**

                                            **/S/WENDY BEETLESTONE, J.**

                                            **WENDY BEETLESTONE, J.**

---

[3] Plaintiffs move to dismiss Aaron's counterclaim for unjust enrichment on the ground that Aaron's has failed to allege they obtained the equipment without its consent. Mot. at 9. As discussed in Section IIIB, *supra*, that contention is without merit. Plaintiffs also argue that Aaron's has failed to allege that they obtained possession of the equipment in a manner that would make their continued possession unjust. Mot. at 9-10. In light of Aaron's factual allegations regarding the fraudulent scheme they utilized to obtain possession of the equipment discussed in Sections IIIB and C, *supra,* that argument also lacks merit. The motion will be denied as to the unjust enrichment counterclaim.